**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Fernando Fernandez,

          Petitioner,

vs.

Thomas Horne,

          Defendant.

CV 13-0368-TUC-RCC (JR)

**REPORT AND
RECOMMENDATION**

Pending before the Court is Defendant Thomas Horne's Motion to Dismiss (Doc. 7) filed pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P.  Plaintiff Fernando Fernandez did not respond the motion.  In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation.  As explained below, the Magistrate Judge recommends that the

1

1  District Court, after an independent review of the record, grant the motion and

2  dismiss this action with prejudice.

3  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

4          On December 22, 2010, the State of Arizona filed a Notice of Pending

5  Forfeiture in Pima County Superior Court seeking the forfeiture of several separately

6  identified items of personal property and sums of money, including $19,040.00 listed

7  as Item No. 12 and having been seized from Plaintiff Fernandez. *Motion to Dismiss*

8  (hereinafter "*Motion*"), Ex. 1.[1]  The Notice directed any person claiming a lawful

9  interest in any of the seized property to file "a verified claim at the superior Court in

10 Pima County satisfying the requirements of A.R.S. § 13-4311(E) and (F) within

11 thirty (30) days after service of this Notice." *Id.*, p. 2.  The Notice also directed any

12 claimant to mail copies of their claim to the Tucson Police Department and to

13 Assistant Attorney General Albert B. Lassen, who was representing the State. *Id*.

14 The Notice then provided the requirements for a claim as provide in A.R.S. § 13-

15 4311(E) and (F), and informed any potential claimant that untimely claims would not

16 be considered and no extensions to the filing deadline would be granted. *Id.*

17         On February 1, 2011, Plaintiff Fernandez filed a Notice of Claim for the return

18 of the $19,040.00.  On May 23, 2011, following two hearings and supplemental

19

20 [1] The Court finds that the accuracy of the pleadings attached to the Defendant's
   Motion to Dismiss cannot reasonably be questioned and takes judicial notice of the
   relevant state court records.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002)
21 (federal courts may take judicial notice of state court records in federal civil
   proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408
22 (2005).

2

1   briefing, an Order Striking the Claim of Fernando Fernandez was entered based on

2   the Superior Court's finding that the Notice of Claim was not timely filed as required

3   by A.R.S. § 13-4311(D).   *Motion*, Ex. 3 (Order) & Ex. 5, p. 2 (noting the two

4   hearings and supplemental briefing).

5          On June 22, 2011, Fernandez filed a Notice of Appeal.  *Id*., Ex. 4.   By

6   Memorandum Decision filed on May 16, 2012, the Arizona Court of Appeals

7   affirmed the trial court's order striking Fernandez's claim, rejecting his arguments

8   that the State had waived any objection to the timeliness of his claim and finding that

9   the claim was untimely filed.  *Id*., Ex. 5.  The Court of Appeals denied Fernandez's

10  Motion for Reconsideration and issued its Mandate on December 18, 2012.

11         Fernandez then filed this action on May 22, 2013.   In the Complaint, he

12  alleges that although the Notice of Pending Forfeiture listed the names and addresses

13  of all interested parties, there was no indication in the Notice of Pending Forfeiture of

14  the actual date on which it was sent.  He also alleges that the contents of the Notice

15  of Pending Forfeiture "were not the same as those contained in A.R.S. § 13-4311(D)

16  and (E)."  *Complaint*, pp. 1-2.  He seeks the return of the $19,040.00 reported seized

17  plus an additional $5,960.00 he contends was also removed at the time of the seizure.

18  *Complaint*, p. 3.

19  **II.      LEGAL DISCUSSION**

20         **A.      Fernandez has consented to the granting of the Motion.**

21         Under Local Rule – Civil 7.2, a party who fails to file a response to a motion

22  may be deemed to have consented to the granting of the motion and the Court may

3

1    dispose of the motion summarily.   Here, Fernandez did not file the required

2    opposition and the Court therefore recommends that the Motion be granted.

3        **B.    Fernandez has failed to establish subject matter jurisdiction.**

4        Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement

5    of the grounds for the court's jurisdiction . . . ."   Federal Rule of Civil Procedure

6    12(b)(1) authorizes dismissal of an action "for lack of subject matter jurisdiction."

7    The plaintiff bears the burden of establishing the propriety of the court's jurisdiction.

8    *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).   A Rule

9    12(b)(1) motion will be granted if the complaint, when considered in its entirety, fails

10   to allege on its face facts sufficient to establish subject matter jurisdiction.   *Thornhill*

11   *Publishing Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

12       The pleading must show "affirmatively and distinctly the existence of

13   whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on

14   having the defect called to its attention or on discovering the same, must dismiss the

15   case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For*

16   *A Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).   Since subject matter jurisdiction

17   must be affirmatively alleged, courts will not infer allegations supporting federal

18   jurisdiction. *See Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005);

19   *see also Tosco Corp.*, 236 F.3d at 499.

20       Defendant Thomas Horne, Attorney General for the State of Arizona,

21   contends that the case should be dismissed because the Complaint does not contain a

22   jurisdictional allegation and because Horne, rather than the State of Arizona, is

4

1    named as the defendant.   While correct on these points, both errors are easily

2    remedied and, as such, would support dismissal with leave to amend.   *Eminence*

3    *Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (dismissal of a

4    complaint without leave to amend should be granted only where the jurisdictional

5    defect cannot be cured by amendment).   Thus, if the lack of jurisdictional allegations

6    were the only shortcoming of the Complaint, the Court would recommend dismissal

7    with leave to amend.   However, as discussed below, the Complaint suffers from

8    defects that cannot be remedied by amendment.

9         **C.    The facts alleged do not establish a due process violation.**

10        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be

11   granted if the plaintiff's complaint does not contain factual allegations sufficient to

12   "state a claim to relief that is plausible on its face."   *Bell Atlantic v. Twombly*, 550

13   U.S. 554, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads

14   factual content that allows the court to draw the reasonable inference that the

15   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

16   1949 (2009).   "The plausibility standard is not akin to a 'probability requirement,'

17   but it asks for more than a sheer possibility that a defendant has acted unlawfully."

18   *Id*. (quoting *Twombly*, 550 U.S. at 557).   In considering a motion to dismiss, a court

19   must accept all of the plaintiff's allegations as true.   *Erickson v. Pardus*, 551 U.S. 89,

20   93–94 (2007).   The plaintiff's complaint need not contain detailed factual allegations,

21   but it must contain more than a "formulaic recitation of the elements of a cause of

22   action." *Twombly*, 550 U.S. at 555.   "Threadbare recitals of the elements of a cause

5

1    of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct.

2    at 1949. In reviewing a motion to dismiss, courts may consider matters that are

3    properly the subject of judicial notice, such as matters of public record. *Lee v. City of*

4    *Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

5         Defendant Horne contends that Fernandez's allegations do not demonstrate a

6    violation of his federal constitutional rights and that the action should therefore be

7    dismissed with prejudice.  The Court agrees.

8         Fernandez's allegations are that the Notice of Pending Forfeiture was

9    inadequate and improperly served.  Although he mentions neither 42 U.S.C. § 1983

10   nor a specific constitutional right that is alleged to have been violated by the State,

11   the allegations of the Complaint are such that they can only be construed as alleging

12   a violation of due process resulting from the allegedly inadequate Notice of Pending

13   Forfeiture.  Construing the allegations as such, Fernandez satisfies section 1983's

14   requirements that a plaintiff allege (1) the action occurred under color of state law

15   and (2) resulted in the deprivation of a federal constitutional right.  *Souders v.*

16   *Lucero*, 196 F.3d 1040, 1043 (9th Cir. 1999) (citing *Parratt v. Taylor*, 451 U.S. 527

17   (1981)).  It is clear that the action at issue was taken under state law.  Thus, the

18   question is whether Fernandez's rights to due process were violated.

19        To succeed in a section 1983 action alleging a procedural due process

20   violation, a plaintiff must establish the deprivation of a protected property or liberty

21   interest without being given due process.  *Board of Regents v. Roth*, 408 U.S. 564,

22   569-70 (1972).  "A section 1983 claim based upon procedural due process . . . has

1   three elements: (1) a liberty or property interest protected by the Constitution; (2) a

2   deprivation of the interest by the government; (3) lack of process." *Portman v.*

3   *County of Santa Clara*, 995 F.2d 898, 904 (9ᵗʰ Cir. 1993). Here, Fernandez can

4   easily satisfy the first and second elements of procedural due process claim as the

5   forfeiture to the State of the money in question deprived him of a property interest

6   that could only be effectuated in accordance with the Due Process Clause. As for the

7   third element, however, the Court finds that Fernandez has failed to state a claim

8   upon which relief could be granted.

9       Before the State could take his property, due process required "notice

10  reasonably calculated, under all the circumstances, to apprise interested parties of the

11  pendency of the action and afford them an opportunity to present their objections."

12  *Robinson v. Hanrahan*, 409 U.S. 38, 39-40 (1972) (citations omitted). Here, upon

13  seizure of the money in question, Fernandez was entitled to and afforded the

14  procedures available under A.R.S. § 13-4311(D) and (E) to challenge the seizure.

15  Defendant Horne has attached to the Motion, and the Court has taken judicial notice

16  of, the notice provided to Fernandez. *Motion*, Ex. 1. The state court records reflect

17  that Fernandez filed an untimely Notice of Claim and, after two hearings and

18  supplemental briefing, it was stricken. *Id.*, Ex. 3.

19      Despite this record, Fernandez claims that the Notice of Pending Forfeiture

20  was inadequate because it did not reflect when it was mailed to any interested party.

21  *Complaint*, p. 2. What is initially significant is that nowhere in this allegation, or

22  anywhere in the Complaint, does Fernandez allege he did not receive timely notice.

7

1   "Due process does not require that a property owner receive actual notice before the

2   government may take his property."  *Jones v. Flowers*, 547 U.S. 220, 226 (2006).

3   And it is only when the government actually learns that the notice it did provide did

4   not reach the person that it must do more to try to give him notice.  *Id*. at 224.  It is

5   telling that Fernandez does not allege in the Complaint he did not get notice or that

6   the address to which notice was sent was not current.  His only criticism is that the

7   notice was not endorsed with the mailing date and that it did not technically comply

8   with state statutes.  Although given the opportunity to do so, he has not offered any

9   authority that, even assuming the allegations are true, any of the alleged errors

10  constituted a violation of the Due Process Clause.

11      Moreover, Fernandez's allegations are undermined by the trial court's

12  determination and the Court of Appeals' affirmation that notice was properly

13  provided.  The records of the State court proceedings reflect that the Notice of

14  Pending Forfeiture was sent to Fernandez via certified mail on December 22, 2010.

15  *Motion*, Ex. 2, Ex. 5, p. 5.  Fernandez does not attempt to contradict this finding.  As

16  such, Fernandez has not stated a claim upon which relief could potentially be grated.

17  Rule 12(b)(6), Fed.R.Civ.P.

18  **III.**   **RECOMMENDATION**

19      Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the

20  District Court, after its independent review, **grant** Defendant Horne's Motion to

21  Dismiss with prejudice (Doc. 7).

22

1    This Recommendation is not an order that is immediately appealable to the

2    Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1),

3    Federal Rules of Appellate Procedure, should not be filed until entry of the District

4    Court's judgment.

5    However, the parties shall have fourteen (14) days from the date of service of

6    a copy of this recommendation within which to file specific written objections with

7    the District Court.   *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the

8    Federal Rules of Civil Procedure.   Thereafter, the parties have fourteen (14) days

9    within which to file a response to the objections.   Replies may be filed only with

10   leave of the District Court.   If any objections are filed, this action should be

11   designated case number: **CV 13-0368-TUC-RCC**.   Failure to timely file objections

12   to any factual or legal determination of the Magistrate Judge may be considered a

13   waiver of a party's right to *de novo* consideration of the issues.   *See United States v.*

14   *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

15   Dated this 30th day of October, 2013.

16

17

18

Jacqueline M. Rateau
United States Magistrate Judge

19

20

21

22

9