IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Fernandez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Thomas C Horne,<br><br>　　　　　　Defendant. | No. CV-13-368-TUC-RCC<br><br>**ORDER** |

　　　　Pending before the Court is Defendant Thomas Horne's Motion to Dismiss (Doc. 7) and Magistrate Judge Jacqueline M. Rateau's Report and Recommendation (R & R) (Doc. 12).  The parties did not file objections to Judge Rateau's R & R.  The Court accepts and adopts Magistrate Judge Rateau's October 30, 2013 R & R (Doc. 12) as the findings of fact and conclusions of law of this Court and grants Defendant's Motion to Dismiss with prejudice (Doc. 7).

**I.　　Background**

　　　　The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Rateau's R & R (Doc. 12).  This Court full incorporates by reference the "Factual and Procedural Background" section of the R&R into this Order.

**II.　　Discussion**

　　　　The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or

return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). Therefore to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

The parties have not objected to the R & R (Doc. 12), which relieves the Court of its obligation to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). This Court considers

the R & R to be thorough and well-reasoned.  After a thorough review of the record, the Court will ADOPT the R & R of Magistrate Judge Rateau (Doc. 12).

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Rateau's Report and Recommendation (Doc. 12) is **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** Defendant's Motion to Dismiss (Doc. 7) is **granted**, and this action is **dismissed with prejudice**.  The Clerk of the Court shall enter judgment in favor of Defendant and close this case.

DATED this 25th day of November, 2013.

_____
Raner C. Collins
Chief United States District Judge